## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:22-cv-01292-MEMF-KES                    Date:  February 1, 2023

Title: ANTHONY AVON DABBS SR. v. OFFICER PRESTON

PRESENT:

THE HONORABLE U.S. MAGISTRATE JUDGE KAREN E. SCOTT

|  Jazmin Dorado  |  Not Present  |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| :---: | :---: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   Order to Show Cause Why Complaint Should Not Be Dismissed**

In July 2022, Plaintiff Anthony Avon Dabbs Sr. ("Plaintiff") filed a 42 U.S.C. § 1983 Complaint against Defendant Officer Preston ("Defendant") of the Hemet Police Department.  Plaintiff alleges that Defendant used excessive force on March 23, 2020, by tazing Plaintiff in the temple.  The Complaint says, "refer to the case BAF2000363." (Dkt. 1 at 5.)

Per Riverside County Superior Court records available online and subject to judicial notice, case no. BAF2000363 is related to case no. BAF2201142.  In those cases, Plaintiff was charged with robbery (Cal. Pen. Code § 211), assault with a deadly weapon ("ADW") on a peace officer (id. § 245(c)), and resisting or deterring an officer (id. § 69). These charges arose from events that took place on March 23, 2020.  In January 2023, Plaintiff was convicted of violating California Penal Code sections 69 and 245(c), but the robbery count was dismissed.  Plaintiff's sentencing is scheduled for February 17, 2023.

Before authorizing service, federal courts must screen inmate complaints and dismiss any case that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:22-cv-01292-MEMF-KES                            Date: February 1, 2023
                                                          Page 2

§§ 1915(e)(2); 1915A.  The Court has reviewed the Complaint and determined that it may fail to state a claim because it is time-barred or Heck-barred.

## I.      The Time Bar.

A court may consider affirmative defenses, such as the statute of limitations, when screening a complaint for failure to state a claim under 28 U.S.C. § 1915A.  Simmons v. Wallace, No. 3:10-cv-00280, 2011 U.S. Dist. LEXIS 28329, at *3 (D. Alaska Mar. 18, 2011).  If a complaint appears to fail to state a claim based on the statute of limitations, then the screening court must allow the plaintiff to present arguments that the statute of limitations either has not run or that tolling applies.  Cooper v. Nielson, No. 99-15074, 1999 U.S. App. LEXIS 22926 (9th Cir. Sep. 15, 1999) (unpublished).

Section 1983 does not contain its own statute of limitations.  Instead, claims brought under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations for personal injury suits.  In California, that limitatoins period is two years.  Flynt v. Shimazu, 940 F.3d 457, 461 (9th Cir. 2019) (citing Cal. Code Civ. P. § 335.1.)

The limitations period begins to run when the claim accrues.  Generally, an excessive force claim under § 1983 accrues when the allegedly excessive force was used. Garcia v. Cty. of Riverside Sheriff's Dep't, No. ED CV 16-1381-DSF-JCG, 2016 U.S. Dist. LEXIS 156541, at *7 (C.D. Cal. Sep. 23, 2016).  Per Plaintiff's allegations, his claim accrued on March 23, 2020, such that the two-year statute of limitations expired on March 23, 2022, unless Plaintiff qualifies for tolling.  Plaintiff did not file the Complaint until July 2022, so his Complaint appears time-barred unless he qualifies for tolling.

Federal courts apply the forum state's laws regarding tolling, except to the extent such laws are inconsistent with federal law.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Under California Code of Civil Procedure section 352.1(a), there is a two-year tolling period for plaintiffs who are "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."

Plaintiff's return address is 30755-B Auld Road in Murrieta, the address of Riverside County's Cois M. Byrd Detention Center.  Based on the mention of bail bonds in the online court records for Plaintiff's criminal case, Plaintiff may have been released on bail at some point.  The dates and length of his custody may be relevant to determining his eligibility for tolling under section 352.1(a).  Branson v. United States Forest Serv., No. 2:19-cv-01399, 2023 U.S. Dist. LEXIS 1126, at *9 (E.D. Cal. Jan. 3, 2023) (holding tolling ceased upon release on bail).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:22-cv-01292-MEMF-KES                          Date: February 1, 2023
                                                          Page 3

  In responding to this Order to Show Cause, Plaintiff may explain (1) whether he seeks tolling under California Code of Civil Procedure section 352.1(a) or any other tolling doctrine; (2) if/when he was released from custody since his arrest on March 23, 2020; and (3) what facts support the application of any other tolling doctrine.

## II. The <u>Heck</u> Bar.

  A § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless that conviction or sentence has already been invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). Thus, <u>Heck</u> bars a plaintiff's civil lawsuit if it would negate an element of the offense or establish facts inconsistent with the plaintiff's conviction. <u>See</u> <u>Smith v. City of Hemet</u>, 394 F.3d 689, 695 (9th Cir. 2005) (analyzing the <u>Heck</u> bar after a resisting arrest conviction under Cal. Pen. Code § 148(a)); <u>Beets v. Cnty. of Los Angeles</u>, 669 F.3d 1038, 1046 (9th Cir. 2012) (holding <u>Heck</u> barred excessive force claims when the officer "acted during the course of [the plaintiff's] criminal activity and brought that activity to an end").

  An essential element to establish a violation of California Penal Code sections 69 and 245(c) is that the resisting/deterring or assaulting of the peace officer occurred while the officer was lawfully performing his/her duties. "A police officer is not lawfully performing her duties if [she or he] … uses unreasonable or excessive force on the individual at the time the defendant's unlawful resistance, delay or obstruction is occurring." <u>Melgar v. Lopez</u>, No. CV 14-8316-DOC-AJW, 2015 U.S. Dist. LEXIS 134391, at *16 (C.D. Cal. Sep. 30, 2015).

  Here, Plaintiff alleges that Officer Preston deployed his tazer when Plaintiff was "unarmed with both hands raised seated inside of a vehicle," posing "neither a threat towards him nor the public." (Dkt. 1 at 5.) Plaintiff appears to allege that he was neither assaulting nor resisting Officer Preston, despite Plaintiff's convictions for violating California Penal Code sections 69 and 245(c).

  It is unclear what Plaintiff did that provides the factual basis for his convictions for assaulting an officer with a deadly weapon and resisting/deterring an officer. Plaintiff has not included facts fully describing what led to and occurred during his March 23, 2020 arrest. It is further unclear when the alleged act of excessive force (Officer Preston deploying his tazer) occurred relative to Plaintiff's illegal actions.

  In responding to this Order to Show Cause, Plaintiff may explain (1) per the evidence at his criminal trial, what was the factual basis for his convictions for assaulting

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:22-cv-01292-MEMF-KES                    Date: February 1, 2023
                                                                              Page 4

an officer with a deadly weapon and resisting/detering an officer?; (2) what was the
sequence of events?; and (3) when does Plaintiff contend that Officer Preston was not
acting lawfully relative to Plaintiff's illegal actions?

## III.    Disposition.

**By February 28, 2023**, Plaintiff shall repsond to this Order to Show Cause in one
of these ways:

(1) File a "Response to Order to Show Cause" setting forth additional facts and
answering the Court's questions about the potential application of the time bar and the
Heck bar.  If Plaintiff does this, the Court will decide whether to discharge the OSC and
order the Complaint served or whether to recommend dismissing the Complaint, with or
without leave to amend.

(2) File a First Amended Complaint ("FAC") adding new factual allegations to
show Plaintiff's claims are neither time-barred nor Heck-barred.  If Plaintiff does this, the
Court will screen the FAC.  The Court will decide whether to order the FAC served or
recommend its dismissal, with or without leave to amend.  If Plaintiff files a FAC, it
should bear the docket number assigned to this case (5:22-cv-01292-MEMF-KES), be
labeled "First Amended Complaint," and be complete without reference to prior
complaints or any other documents (except any documents attached to the FAC as
exhibits).  Plaintiff may attach documents from his criminal case to the FAC as exhibits
(but he is not required to do so).

(3) If Plaintiff concludes that his claims are time-barred or Heck barred, then he
may file a voluntary dismissal.

If Plaintiff fails to timely respond to this order by exercising one option, then this
action may be dismissed for failure to obey court orders or failure to prosecute.  The
Clerk will provide Plaintiff with a copy of (1) Form CV-066 for filing federal civil rights
complaints and (2) Form CV-09 for filing voluntary dismissals.

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk JD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | CASE NUMBER |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                          *Signature of Attorney/Party*

*NOTE:  **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

***F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER<br><br>_____<br>*To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐  42 U.S.C. § 1983<br>☐  Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes     ☐ No

2.  If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

---

a.  Parties to this previous lawsuit:
    Plaintiff _____

    _____

    Defendants _____

    _____

b.  Court _____

    _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

    appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____


## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                          (print plaintiff's name)

who presently resides at _____ ,
                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)          (Claim II)          (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
     _____
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

2.   Defendant _____ resides or works at
     _____
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

3.   Defendant _____ resides or works at
     _____
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

4.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
              *(Date)*                                   *(Signature of Plaintiff)*

CV-66 (7/97)                           **CIVIL RIGHTS COMPLAINT**                          Page 6 of 6